UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GAS DRILLING AWARENESS :
COALITION :
    Plaintiff :
: CIVIL NO. 1:10-CV-1997
v. :
:
JAMES F. POWERS, JR., et al., :
    Defendants :

*M E M O R A N D U M*

*I.	Introduction*

We are considering a motion to alter or amend judgment filed by Plaintiff, Gas Drilling Awareness Coalition ("GDAC"). On September 10, 2010, Plaintiff filed the instant action alleging violations of its rights under the First Amendment, the Due Process Clause of the Fourteenth Amendment, and violation of Article I, Section 20 of the Pennsylvania Constitution. We dismissed the Due Process and Pennsylvania constitutional claims. Plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), requesting leave to amend the complaint to add a request for nominal damages and state law claims for defamation and conspiracy.

*II.	Background*

The case involves a surveillance program in which the Institute of Terrorism Research and Response (" ITRR") identified possible threats to critical infrastructure, and reported them to Powers, the previous Director of the Pennsylvania Emergency

Management Agency's ("PEMA") Office of Homeland Security.[1]  Plaintiff's complaint alleges that ITRR identified GDAC as a potential threat and began surveillance of the organization, compiling information in tri-weekly bulletins which were provided to law enforcement agencies and "private third party individuals and entities."  (doc. 1, ¶ 74.)

Powers moved to dismiss the complaint (doc. 12) on November 15, 2010 and the remaining Defendants moved to dismiss it (doc. 14) on November 18, 2010.  On January 21, 2011, Plaintiff filed an amended complaint (doc. 24) without seeking leave of court as required by Federal Rule of Civil Procedure 15(a)(2).  On March 3, 2011, Powers filed a motion to dismiss or strike Plaintiff's amended complaint (doc. 32).  The following day, Defendants ITRR and Perelman filed a motion to dismiss the amended complaint (doc. 34).  On July 29, 2011, we struck Plaintiff's amended complaint for failure to follow Rule 15 and ordered Plaintiff to respond to the original motions to dismiss.

On December 12, 2011, we dismissed ITRR and Perelman as parties, because they were not state actors for the purposes of 42 U.S.C. § 1983.  We also dismissed Plaintiff's request for nominal damages and its claims under the Fourteenth Amendment and the Pennsylvania Constitution.  Plaintiff now seeks to add a request for nominal damages and state law claims for defamation and conspiracy.

---

[1] On October 8, 2010, Powers resigned as Director of PEMA's Office of Homeland Security.  Ronald Stanko was later appointed as PEMA's Deputy Director for Homeland Security.  On December 13, 2011, we substituted Powers, in his official capacity, with Stanko, in his individual capacity, pursuant to Federal Rule of Civil Procedure 25(d).

*III.     Discussion*

   *A. Standard of Review*

Plaintiff requests that we alter the December 12, 2011 Memorandum and Order, and allow it to amend its complaint.  A party may file a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) within twenty-eight days after the entry of judgment.  *"*[W]here a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors."  Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).

Under Rule 15(a)(2), a plaintiff requires leave of court to file an amended complaint, and we "should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  A district court may deny leave if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.*"*  Fraser v. Nationwide Mutual Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003).

   *B. Statute of Limitations*

Plaintiff seeks to add a defamation claim to its complaint.  ITRR and Perelman argue that this claim is barred by the statute of limitations.  Pennsylvania's statute of limitations for defamation is one year from the date the plaintiff learned of the defamatory statements.  42 Pa.C.S. § 5523*.*  Plaintiff learned about the allegedly defamatory statements on September 27, 2010 and filed the instant motion to amend on January 6, 2012.  However, plaintiff may avoid a time bar if the amendment relates back

to the date of the original pleading. FED. R. CIV. P. 15(c). An amendment relates back when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted

Id. "In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Bensel v. Allied Pilots Assoc., 387 F.3d 298, 310 (3d Cir. 2004).

ITRR and Perelman argue that the Plaintiff must meet the requirements of Rule 15(c)(1)(C) before the amendment can relate back, because they were dismissed as defendants. We disagree, however, because ITRR and Perelman were named in the complaint. They had fair notice of the general fact situation and legal theory under which the Plaintiff proceeds. We conclude that Plaintiff must only meet the requirement of Rule 15(c)(1)(B), which requires the amended complaint to assert a claim that arose out of the conduct, transaction or occurrence set out in the original pleading.

Plaintiff seeks to add claims for state law defamation, state law conspiracy, and nominal damages. These claims, like the claims in the complaint, involve allegations that Perelman and ITRR published false statements to a third party. Both the complaint and the proposed amendments arise out of the same conduct. Plaintiff meets the

4

requirements of Rule 15(c)(1)(B), overcoming ITRR and Perelman's statute of limitations objection.

*C. Undue Delay*

ITRR and Perelman argue that Plaintiff waited too long to seek leave to amend. Plaintiff learned about the allegedly defamatory statements on September 27, 2010. On January 21, 2011, Plaintiff filed an amended complaint without seeking leave from the court as required by Rule 15. As noted, as a result of this violation, on July 29, 2011 we struck Plaintiff's amended complaint. ITRR and Perelman assert that Plaintiff's failure to seek leave of court until January 6, 2012, fifteen months after it learned about the allegedly defamatory statements, is a delay that should bar Plaintiff from amending its complaint.

Delay alone is insufficient to deny a party's motion for leave to amend; the delay must be undue. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). Delay may be undue where the moving party has failed to take previous opportunities to amend and has not offered an explanation for such a failure. Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001). The focus is on the movant's reasons for not amending earlier. Id.

Plaintiff asserts it did not seek leave to amend earlier, because "After plaintiff's procedurally flawed attempt to file an amended complaint, plaintiff's counsel was of the opinion that any amendment should wait until after this Court ruled on defendants' motions to dismiss." (Doc. 68, at 5). In our July 29, 2011 order striking Plaintiff's amended complaint, we instructed Plaintiff to respond to Defendants' motions

to dismiss the original complaint. While our order did not preclude Plaintiff from seeking leave to amend, we find that its decision to comply with our order and await a ruling on the pending motions to dismiss was reasonable under the circumstances. Therefore, we do not find Plaintiff's fifteen month delay to be undue, given it has not previously amended its complaint and has offered a reasonable basis for the delay. See <u>Arthur v. Maersk</u>, 434 F.3d 196, 205 (3d Cir. 2006) ("a period of eleven months from commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable.").

### D. Futility

ITRR and Perelman argue that Plaintiff's requested amendments would fail to state an actionable claim. Specifically, ITRR and Perelman assert that the statements relied on by Plaintiff are not capable of defamatory meaning and Plaintiff has not alleged special harm as required under the Pennsylvania defamation statute.[2] However, these matters are not before us at this time. We will allow Plaintiff to file an amended complaint, to which defendants may respond as they see fit.

---

[2] The Pennsylvania statute requires a plaintiff to prove
    (1) The defamatory character of the communication;
    (2) Its publication by the defendant;
    (3) Its application to the plaintiff;
    (4) The understanding by the recipient of its defamatory meaning;
    (5) The understanding by the recipient of it as intended to be applied to the plaintiff;
    (6) Special harm resulting to the plaintiff from its publication; and
    (7) Abuse of a conditionally privileged occasion.
42 Pa.S.C. § 8343.

We will issue an appropriate order.

      /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 16, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GAS DRILLING AWARENESS :
COALITION :
    Plaintiff :
: CIVIL NO. 1:10-CV-1997
    v. :
:
JAMES F. POWERS, JR., et al., :
    Defendants :

*O R D E R*

AND NOW, this 16th day of April, 2012, upon consideration of Plaintiff's motion to alter or amend judgment (Doc. 66), and Defendants' response thereto, and pursuant to the accompanying memorandum, it is ordered that Plaintiff may file an amended complaint within 21 days of the date of this Order.  Further proceedings shall be in accordance with the applicable rules.

                                                     /s/ William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge